### AARON ROBINSON *vs.* GILLMAN AND SLEEPER.

A very ancient charter of a township of land, that contains no description of the land itself, is admissible in evidence, and may be rendered perfect by proof of a location and long possession under it.

The copies of the probate records of a division of an estate among heirs, are not defective by reason that the register has certified the same to be true extracts, when he has copied all that need be recorded to render the division legal.

Nor because he has certified an extract from the warrant, and not from the record of the warrant of division.

HUTCHINSON, C. J.—This is an action of *ejectment* for land in Walden, described as lot no. 2, in great lot no. 30, in said town. The defendants pleaded the general issue, which was joined. The jury returned a verdict for the plaintiff. The action is brought to this Court upon exceptions contained in a case agreed to by the parties.

The plaintiff claimed title as heir at law to Moses Robinson, deceased, who was one of the original grantees in the charter. The defendants set up no title, but relied upon the weakness of the title shown by the plaintiff. Objections were raised to the charter and copies of probate records, offered by the plaintiff, but none to the instructions given to the jury. These objections were overruled by the county court, and are again urged before this Court. The objections to the charter were its containing no description of any land, but issued with a view to a survey to be afterwards made and returned to the secretary's office, and also, that there is upon the charter, a certificate of such survey, which is not pro-

CALEDONIA,
March,
1831.

Robinson
vs.
Gillman et al.

duced.   The case shows, that, in July, 1786, Gen. Whitelaw, then surveyor general, surveyed and run the lines of the tract of land called Walden, which was afterwards subdivided into large lots of 320 acres each among the proprietors.   That a plan and draft were made, on which the large lots were checked off, dividing each into three small lots.   That some of these small lots were actually surveyed ; but there was no testimony tending to show, that the large lot no. 30 was divided into small lots by actual survey.   This Court consider, that there is no valid objection to the reading of the charter.   It might, and probably would, have been otherwise in proof of strict title, at an early day : but this charter is now accompanied with proof of an actual location and division among the proprietors.   Whether there was sufficient proof of this we need not now say.   It was left to the jury, and must now be deemed as properly so left, as there was no exception to the charge, and this charter, defective as it is, in point of description, and notwithstanding the original survey was not produced, it not being found, as was said, was proper to go to the jury as founding a claim to some land, under the name of the town of Walden : and the surveys and division among the proprietors, under that claim, together with an acquiescence testified to in the case, might well warrant the jury in finding a title in Moses Robinson ; at least as against the defendants, who set up no title in themselves.   This title, as against the defendants, would extend over the whole tract surveyed ; and the testimony of the defendants' conceding, that they were in possession of the land sued for, might satisfy the jury, that the land in question was known by such number as the plaintiff has ascribed to it in his declaration, and thereby relieve the plaintiff from the difficulty presented by his not describing the land by definite metes and bounds, as ought to be done in every action of ejectment.   An acquiescence in this survey and allotment from the year 1786, till this time, as the township of Walden, with corresponding settlements under the same, must be sufficient to secure the proprietors in their title to this tract of land, even against the state, or against the proprietors of surrounding grants that might ostensibly interfere with this.

But it is further objected by the defendants' counsel that the probate records, or the copies produced, were inadmissible, being a mere extract, and that from the warrant of division, and not from the record of such warrant.   The return of the doings of the committee, dividing off the land in question to the plaintiff, as one of the heirs of said Moses Robinson, deceased, seems re-

gular, as certified by the register : but he certifies that a certain paper is a true extract from the warrant of division.  On examining this paper or this extract, we find it contains all that should form a whole warrant of division.  The original warrant may have contained an order to the same committee to set off dower to the widow.  If such were the case, that part need not be copied for the purposes of this suit.  Hence, what was copied might well be termed an extract.  Another objection supposes that such warrants should be recorded at full length, and, when so recorded, that a copy from the original would not be evidence. While the original forms a part of the files in the probate office, as it must after it is returned there, an attested copy would be good evidence of the existence of the original, and probably very few such warrants are recorded at length.  When they issue, the record should state that such a warrant issued, setting forth its whole substance ; and, when it is returned executed, the record should state, that such warrant was returned, together with the return of the committee of their proceedings, which should be placed at full length upon the record, and then put on file with the warrant.

The remaining objections are sufficiently answered by an inspection of the copies offered and read on trial.  It does not appear, that there were any debts against the estate, and the warrant sufficiently proves a decree that a division be made by this committee who made the one now litigated.

The judgement of the county court is affirmed.

*Bell & Fletcher*, for plaintiff.

*Cushman & J. Mattocks*, for defendants.

N. B. Upon a suggestion to the Court, that the defendants wished to file a bill of betterments, and also that the plaintiff was not present to make his election, whether to file a deed pursuant to the statute, or risk the event of the bill of betterments, the Court directed the cause continued without cost, and the judgement of affirmance not to be entered till next term.